**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Breaking Glass Pictures, LLC, | No. CV-13-00600-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| John and Jane Does 118-162, et al., | |
| Defendants. | |

Plaintiff has moved for reconsideration of the order denying its request to conduct early discovery. (Doc. 10). According to the motion, the Court erred by relying on the decision in *Hard Drive Prods., Inc. v. Does 1-90*, 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012). In particular, Plaintiff argues that unlike the situation in *Hard Drive*, the present case will not require any investigation beyond Plaintiff obtaining records from Internet Service Providers ("ISPs"). Plaintiff claims those records will "absolutely . . . lead to the direct identification of appropriate persons who can legally be named and served as defendants in this matter." (Doc. 10 at 5). If that were true, early discovery likely would be allowed. But, as explained below, Plaintiff has overlooked serious obstacles standing in the way of this case proceeding in its current form.

In its previous order, the Court ruled discovery was not appropriate because it was not "very likely" to uncover the identities of individuals who could legitimately be named as

Defendants. (Doc. 9, quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff argues this conclusion was incorrect for two reasons. First, Plaintiff believes it is entitled to sue individuals who, even Plaintiff admits, may or may not be responsible for the infringement at issue. And second, Plaintiff believes the named subscribers can be held liable under a negligence theory even if they cannot be held liable for direct copyright infringement. Neither reason is persuasive.

**I.  Direct Infringement Claim is Not Plausible**

Plaintiff argues early discovery is appropriate because as soon as Plaintiff obtains subscriber information from the ISPs, it can substitute those subscribers as defendants into the existing complaint. According to Plaintiff, any argument by the subscribers that they are not the parties actually involved in infringing activity is an inappropriate "factual defense" the Court should not consider at this time. (Doc. 10 at 2). But the complication that Plaintiff fails to discuss is that it is *not* enough to simply identify the subscribers behind particular IP addresses to state a plausible claim for copyright infringement against those individuals. Instead, a plausible claim must be supported by factual allegations establishing that the particular person identified as a defendant was, in fact, the individual who engaged in wrongful conduct. In other words, discovery to identify the ISP subscribers is only the starting point. Plaintiff will also need to conduct discovery to determine who was using the Internet connection at the time the alleged infringement occurred. Plaintiff will then have to amend its complaint to allege the facts supporting its claim against each individual. The fact that Plaintiff needs discovery to unearth the factual basis for its claims is precisely the conundrum referenced in the Court's prior order regarding recent Supreme Court authority.

According to the Supreme Court, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations omitted). It is not enough for a complaint to plead facts "that are merely consistent with a defendant's liability." *Id.* at 678 (quotation omitted). Instead, the complaint must go further and "nudge[] [the] claims . . . across the line from conceivable to plausible." *Id.* at 680 (quotation omitted). And "where the well-pleaded facts

1 do not permit the court to infer more than the mere possibility of misconduct, the complaint
2 has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* at 679.

3       Plaintiff's current complaint alleges the subscribers, identified as John and Jane Does,
4 engaged in direct copyright infringement. (Doc. 1 at 14). But the complaint contains no
5 factual allegations setting forth that the subscribers were, in fact, the individuals using the
6 Internet connections at the relevant time. Thus, it is *conceivable* that the subscribers were
7 using the connection but it is equally plausible that someone other than the subscribers were
8 using the connection. In fact, the motion for reconsideration concedes this point. (Doc. 10
9 at 7). Thus, the complaint does nothing more than make vague allegations that are consistent
10 with the subscribers' liability for copyright infringement. Because those allegations are also
11 consistent with the subscribers not being liable, Plaintiff has not stated plausible claims
12 against the subscribers.[1]

13       Early discovery is not appropriate when the complaint would be dismissed on other
14 grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (discovery to
15 identify defendant not appropriate when "the complaint would be dismissed on other
16 grounds"). Because the complaint would be subject to dismissal even if Plaintiff were to
17 substitute in the actual Internet subscribers, the Court's earlier order regarding discovery was
18 not in error.

19 **II. Negligence Claim is Not Viable**

20       Perhaps realizing the flaw in its direct infringement claims against the currently
21 anonymous subscribers, Plaintiff also claims it should be allowed to conduct early discovery
22 because it has viable negligence claims against the subscribers. Plaintiff believes the
23 subscribers acted negligently when they "failed to properly secure their internet connection

---

[1] Plaintiff goes so far as to claim "Plaintiff does not have any obligation to prove its entire case at this early juncture, and must only demonstrate that the parties it names as defendants <u>could have</u> been responsible for the claimed infringement." (Doc. 9 at 7). This is a direct rejection of the Supreme Court's teaching in *Iqbal* that merely alleging what is conceivable is not enough. 556 U.S. at 678.

- 3 -

1 to prevent it from being used for improper and illegal purposes." (Doc. 9 at 8-9). The courts
2 that have addressed this issue, however, have concluded there is no duty to secure your
3 Internet connection. *See, e.g.*, *New Sensations, Inc. v. Does 1-426*, 2012 WL 4675281 at *6
4 (N.D. Cal. Oct. 1, 2012) (rejecting negligence claim based on failure to secure Internet
5 connection by stating "common sense dictates most people in the United States would be
6 astounded to learn that they had such a legal duty"). And absent a recognized duty, the
7 negligence claim is fatally flawed.[2]

8 Even if the Court were to assume the subscribers had a duty to secure their Internet
9 connections, Plaintiff's negligence claim likely would be preempted by the Copyright Act
10 or barred by the Communications Decency Act. *See, e.g.*, *AF Holdings, LLC v. Doe*, 2012
11 WL 4747170 at * (N.D. Cal. Oct. 3, 2012). Because the negligence claims would likely be
12 dismissed based on three independent reasons, early discovery is not appropriate. *See*
13 *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

14 **III. Conclusion**

15 The Court recognizes that its ruling is harsh and that the refusal to allow discovery
16 likely will prevent Plaintiff from pursuing its claims.[3] But it is often the case that an
17 individual has been harmed, believes he knows who harmed him, but needs discovery to
18 uncover the facts to plead a plausible claim for relief. That is the Catch-22 that lies at the

---

[2] Plaintiff also has claims for contributory infringement and conspiracy. Contributory infringement requires allegations that Defendants "intentionally induc[e] or encourag[e] direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The current complaint does not contain sufficient factual allegations supporting such a claim. And the conspiracy claim is premised on the Internet subscribers acting in concert. But, as explained earlier, Plaintiff has not plead sufficient factual allegations that the subscribers were even involved in direct infringement, let alone involved in a conspiracy to commit such infringement. Accordingly, neither the contributory infringement claim nor the conspiracy claim can support the request for early discovery.

[3] Plaintiff has moved for an extension of time to complete service but Plaintiff also argues it has "absolutely no possible way to effect service" unless discovery is allowed. Based on this statement, and in light of discovery not being allowed, there is no need to extend the service deadline.

- 4 -

heart of recent Supreme Court authority and that led one prominent scholar to note "it is futile and a bit absurd to tell someone to plead what he or she does not know and cannot access." Arthur R. Miller, *Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure*, 88 N.Y.U. L. Rev. 286, 340 (2013). To the extent Plaintiff believes the pleading standard is unjust, or an exception should exist for this type of case, its remedy lies with a higher court.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (**Doc. 10**) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Extension of Time (**Doc. 11**) is **DENIED**.

DATED this 29th day of July, 2013.

_____
Roslyn O. Silver
Chief United States District Judge